UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ANTHONY MILANA,

  Plaintiff,                                     CASE NO.:

-VS-

DRIVETIME AUTOMOTIVE  GROUP, INC., d/b/a
DRIVETIME CAR SALES COMPANY, LLC
and BRIDGECREST CREDIT COMPANY, LLC

  Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, Anthony Milana, by and through the undersigned counsel, and sues Defendant, DRIVETIME AUTOMOTIVE GROUP, INC. d/b/a DRIVETIME CAR SALES COMPANY, LLC (hereinafter "DRIVETIME") and sues Defendant, BRIDGECREST CREDIT COMPANY, LLC(hereinafter "BRIDGECREST") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like DRIVETIME and BRIDGECREST from invading American citizen's privacy and prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      Venue is proper in this District as Plaintiff resides within this District (Lee County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Lee County, Florida.

### FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Lee County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, DRIVETIME AUTOMOTIVE GROUP, INC., is a corporation which was formed in Arizona with its principal place of business located at 1720 W Rio

Salado Parkway, Tempe, AZ 85281 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

14.     Defendant, BRIDGECREST, is a corporation which was formed in Arizona with its principal place of business located at 7300 E. Hampton Ave., Suite 101, Mesa, AZ 85209, and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

15.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16.     DRIVETIME called Plaintiff on Plaintiff's cellular telephone over 50 times since October, 2015 in an attempt to collect a debt.

17.      DRIVETIME attempted to collect a debt from Plaintiff by this campaign of telephone calls.

18.     DRIVETIME intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

19.     BRIDGECREST called Plaintiff on Plaintiff's cellular telephone over 50 times since October, 2015 in an attempt to collect a debt.

20.     BRIDGECREST attempted to collect a debt from Plaintiff by this campaign of telephone calls.

21.    BRIDGECREST intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

22.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he received numerous prerecorded messages from DRIVETIME and BRIDGECREST.

23.    Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (239) ***-5475, and was the called party and recipient of Defendant's calls.

24.    Beginning on or about October, 2015, DRIVETIME began bombarding Plaintiff's cellular telephone (239) ***-5475 in an attempt to collect on an auto loan.

25.    Plaintiff revoked consent on or about October, 2015, shortly after Defendant began their campaign of harassing telephone calls.

26.    Despite this revocation of consent, autodialer calls from DRIVETIME and BRIDGECREST continued to Plaintiff's cell phone.

27.    Plaintiff answered several more calls from BRIDGECREST and revoked consent each time he answered, culminating in yet another revocation of consent on April 29, 2016.

28.     Despite these revocations, the autodialer calls have continued to Plaintiff's cell phone from October, 2015 through the filing of this complaint. The autodialer calls to Plaintiff's cell phone still have not ceased as of May 13, 2016.

29.     The autodialer calls from Defendants came from the telephone numbers including but not limited to 800-813-5883, 877-329-9029, and 239-963-0019, and when those numbers are called, an automated voice answers the line and identifies the company as "Bridgecrest."

30.     DRIVETIME and BRIDGECREST have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

31.     DRIVETIME and BRIDGECREST have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or , to remove the number.

32.     DRIVETIME and BRIDGECREST's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to DRIVETIME and BRIDGECREST they wish for the calls to stop.

33.      DRIVETIME and BRIDGECREST have numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34.     DRIVETIME and BRIDGECREST have numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35.     DRIVETIME and BRIDGECREST have had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

36.     DRIVETIME and BRIDGECREST's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

37.     DRIVETIME and BRIDGECREST have a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38.     Not a single call placed by DRIVETIME and BRIDGECREST to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39.     DRIVETIME and BRIDGECREST willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

40.     Plaintiff fully incorporates and realleges paragraphs 1 through 35 as if fully set forth herein.

41.     DRIVETIME willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified DRIVETIME that he wished for the calls to stop.

42.     DRIVETIME repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against DRIVETIME for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43.     Plaintiff fully incorporates and realleges paragraphs 1 through 35 as if fully set forth herein

44.     At all times relevant to this action  is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

45.     DRIVETIME has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

46.     DRIVETIME has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

47.     DRIVETIME's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against DRIVETIME for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the TCPA)

2.      Plaintiff fully incorporates and realleges paragraphs 1 through 35 as if fully set forth herein.

3.      BRIDGECREST willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified BRIDGECREST that he wished for the calls to stop.

4.      BRIDGECREST  repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BRIDGECREST for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA)

5.      Plaintiff fully incorporates and realleges paragraphs 1 through 35 as if fully set forth herein

6.      At all times relevant to this action  is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

7.      BRIDGECREST has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

8.      BRIDGECREST has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

9.      BRIDGECREST's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BRIDGECREST for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____

Octavio Gomez, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  0338620
Attorney for Plaintiff